IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-36-D

JONATHAN EDMOND DAVENPORT, )
)
Plaintiff, )
)
v. ) **ORDER**
)
PASQUOTANK COUNTY SHERIFF'S )
DEPUTY SAM KEITH, et al., )
)
Defendants. )

On August 1, 2014, Jonathan Edmond Davenport ("plaintiff" or "Davenport") filed a motion to disqualify Ronald G. Baker, Sr. ("Baker"), who is counsel for defendant Billy Roughton. See [D.E. 57]. Davenport also filed a memorandum in support. See [D.E. 59]. On August 11, 2014, Roughton responded in opposition. See [D.E. 67]. Davenport's motion to disqualify Baker relates to an ongoing disciplinary proceeding that the North Carolina State Bar is pursuing against Davenport's counsel, David Sutton. See [D.E. 59] 2–10; [D.E. 67] 2–5. Sutton's disciplinary proceeding involves numerous alleged violations of the Rules of Professional Conduct in numerous cases. See [D.E. 59-1] 1–17. Roughton's counsel, Baker, is the immediate Past President of the North Carolina State Bar. The North Carolina State Bar is the organization responsible for attorney disciplinary matters involving attorneys licensed to practice law in North Carolina. On May 9, 2014, Roughton testified as a witness at a hearing in front of the State Bar Disciplinary Hearing Commission concerning some of Sutton's conduct that is at issue in Sutton's disciplinary case. See [D.E. 59-2] 1–37.

Baker has no conflict of interest with Davenport. See [D.E. 67]. Furthermore, Baker has no control over or input into the ongoing disciplinary proceeding involving Sutton. See id.; see also

Sutton v. State Bar of N.C., No. 5:14-CV-243-BR, 2014 WL 4546017 (E.D.N.C. Sept. 12, 2014) (unpublished).[1] The motion to disqualify Baker as Roughton's counsel lacks merit and is denied.

On August 1, 2014, Davenport filed a motion for preliminary injunction [D.E. 58]. Davenport has not met his burden of proving entitlement to such extraordinary relief. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089, reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

In sum, the court DENIES Davenport's motion to disqualify [D.E. 57] and DENIES Davenport's motion for a preliminary injunction [D.E. 58].

SO ORDERED. This 30 day of October 2014.

JAMES C. DEVER III
Chief United States District Judge

---

[1] Although Sutton's disciplinary case remains pending, he apparently had a disciplinary hearing last week. See North Carolina State Bar, Upcoming Disciplinary Hearing Information, http://www.ncbar.com/discipline/DHCview.asp?DHCpkey=396 (last visited Oct. 30, 2014). The North Carolina State Bar website contains additional information about Sutton's disciplinary case. See id.

2