IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-36-D

JONATHAN EDMOND DAVENPORT,     )
                               )
           Plaintiff,          )
                               )
      v.                       )     **ORDER**
                               )
PASQUOTANK COUNTY SHERIFF'S    )
DEPUTY SAM KEITH, et al.,      )
                               )
           Defendants.         )

On August 22, 2014, defendants David L. Credle, Nancy B. Lamb, District Attorney's Office (First Judicial District), and Robert Womble ("defendants") filed a motion to dismiss [D.E. 75]. See Fed. R. Civ. P. 12(b)(6). Defendants argue that the court should abstain from exercising jurisdiction over plaintiff's claims concerning his ongoing state criminal case, that defendants are entitled to prosecutorial immunity, and that the Eleventh Amendment bars plaintiff's request for damages against Womble in his official capacity and against the District Attorney's Office (First Judicial District).

The court has reviewed plaintiff's complaint [D.E. 1], defendants' motion to dismiss [D.E. 75], defendants' memorandum in support [D.E. 76], and plaintiff's response [D.E. 115]. The court abstains from exercising jurisdiction over plaintiff's claims against defendants concerning his ongoing state criminal case. See, e.g., Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Younger v. Harris, 401 U.S. 37, 43–45 (1971); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 643–45 (E.D.N.C. 2009). Alternatively, the

individual defendants are entitled to prosecutorial immunity. See, e.g., Rehberg v. Paulk, 132 S. Ct. 1497, 1501–05 (2012); Imbler v. Pachtman, 424 U.S. 409, 420–29 (1976); Lyles v. Sparks, 79 F.3d 372, 376–78 (4th Cir. 1996). Finally, the Eleventh Amendment bars plaintiff's claims for damages against Womble in his official capacity and against the District Attorney's Office (First Judicial District). See, e.g., Kentucky v. Graham, 473 U.S. 159, 169 (1985); Edelman v. Jordan, 415 U.S. 651, 662–63 (1974); Nivens, 444 F.2d at 249.

In sum, the court GRANTS the motion to dismiss [D.E. 75] of defendants Credle, Lamb, District Attorney's Office (First Judicial District), and Womble.

SO ORDERED. This 6 day of November 2014.

JAMES C. DEVER III
Chief United States District Judge